# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

JACOB RUCKERT                                                                  PLAINTIFF

v.                                                       CIVIL ACTION NO. 4:19CV-P175-JHM

RYAN BAILEY et al.                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Jacob Ruckert filed an *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and will be allowed to continue in part.

## I. STATEMENT OF CLAIMS

Plaintiff is a pretrial detainee at the Hopkins County Jail. He names Ryan Bailey, Hopkins County Sheriff's Deputy, as Defendant in both his individual and official capacities. The complaint also names Ryan Clark as Defendant but does not indicate in what capacity. Plaintiff states that on October 21, 2019, he was arrested by the U.S. Marshals and the Pennyroyal Narcotics Task Force. He states that after being detained by the U.S. Marshals, Defendant Bailey "was assisting the marshals in transporting me to jail. I was very weak and exhausted from the physical abuse and blows to my head and back." He states that upon arriving at the jail Defendant Bailey opened the passenger door and told him to get out. He states that he was "physical unable to get my self out of the vehicle." He states that the jail medical staff took his "vitals and refused me for excessive blood pressure." Plaintiff alleges that he was then taken to the hospital. He states that he was "still very weak because I couldn't get myself out of the

vehicle . . . [t]hey yanked me out and through me to the ground in a way with aggressive force." He states that he was then carried by his shackles which caused him to scream for help. Plaintiff alleges that he was placed in "a hospital bed and handcuffed at each limb"; while he was still screaming for help, medical staff held him down and Defendant Bailey "held a pillow over my face taking my breath then because I unresponsive to medical staff . . . I believe [Defendant] Bailey purposely tried to suffocate me while I was defenseless and security staff that was present failed to do his job when he didn't intervene in this matter." As relief, Plaintiff asks for monetary damages, "pursue criminal charges," and "dismissal of charges, medical coverage."

Plaintiff recently filed a document which the Court construes as a motion to amend. The motion to amend (DN 6) is **GRANTED**. *See* Fed. R. Civ. P. 15(a).

In the amended complaint, Plaintiff seeks to clarify that he is alleging that his Eighth Amendment right to be free from cruel and unusual punishment has been violated. He asserts:

> No matter the circumstances should a officer ever be entitled to place a pillow over my head and face depriving me of air supply to my brain and lungs. I believe these actions taken by Ryan Bailey were of excessive force, negligence, assault and battery. His intentional infliction of emotional distress . . . could have caused serious injuries, if not death.

Plaintiff further asks, if his case is allowed to proceed, for an "instant emergency protection order be fil[]ed on Mr. Bailey to prevent retaliation on my family."

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at

604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### A. *Claim against Defendant Clark*

The only mention of Defendant Clark in either the complaint or the amended complaint is as follows: "Deputy Bailey and security guard Ryan Clark were equipped with body cams."

Plaintiff must set forth some factual basis for claims in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how each defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Defendant Clark. As such, Plaintiff fails to state a claim against Defendant Clark. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

*B. Individual-capacity claim against Defendant Bailey*

The alleged excessive force by Defendant Bailey occurred after Plaintiff was arrested and before he was booked into the jail. Plaintiff alleges that Defendant Bailey's action was an Eighth Amendment violation.

Convicted inmates are protected from cruel and unusual punishment by the Eighth Amendment. *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994). Plaintiff was not a convicted inmate. Thus, the Court finds that Plaintiff does not state a claim under the Eighth Amendment.

The Fourth Amendment governs excessive-force claims during arrest. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that claims alleging excessive force in the course of making an arrest are properly analyzed under the Fourth Amendment); *Lanman v. Hinson*, 529 F.3d 673, 680 (6th Cir. 2008). These Fourth Amendment protections extend through police booking until the completion of a probable cause hearing. *Aldini v. Johnson*, 609 F.3d 858, 866-67 (6th Cir. 2010). Accordingly, the Court will allow a Fourth Amendment excessive-force claim against Defendant Bailey in his individual capacity to go forward.

*C. Official-capacity claim against Defendant Bailey*

Naming Defendant Bailey, a Hopkins County Sheriff's Deputy, in his official capacity is the same as suing the Hopkins County Government itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); s*ee also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Hopkins County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City*

of *Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff has not alleged a policy with regard to Hopkins County; thus, the allegation against Defendant Bailey in his official capacity fails to state a claim upon which relief may be granted.

### D. Request to pursue criminal charges

Plaintiff asks to "pursue criminal charges," presumably against Defendants. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed as Plaintiff asks. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

### E. Request to drop criminal charges

Plaintiff also asks to have criminal charges, presumably against him, dropped. "[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)); *Tindall v. Wayne Cty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (holding that *Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).

According to the complaint, Plaintiff has a pending state criminal case against him. The state has an important interest in adjudicating that criminal case. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an

on-going Kentucky state-court proceeding. While federal court relief might be a possibility in the future should state-court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time.

*F. State-law claims*

Plaintiff's amended complaint refers to state-law claims of excessive force, negligence, assault and battery, and intentional infliction of emotional distress. The Court will allow these claims to proceed against Defendant Bailey in his individual capacity.

*G. Request for protective order for his family*

Finally, Plaintiff asks for an "instant emergency protection order be fil[]ed on Mr. Bailey to prevent retaliation on my family."

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Thus, Plaintiff cannot request relief on behalf of his family members.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against Defendant Clark; the official-capacity claim against Defendant Bailey; and Plaintiff's requests to bring criminal charges and for a protective order for his family are **DISMISSED** pursuant to 28 US.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claim to have state-court criminal charges dropped is **DISMISSED without prejudice** pursuant to *Younger*.

7

The Clerk of Court is **DIRECTED** to terminate Defendant Clark as a party to this action.

The Clerk of Court is **FURTHER DIRECTED** to docket DN 6 as an amended complaint.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims, *i.e.*, the individual-capacity, excessive-force claim under the Fourth Amendment and state-law claims against Defendant Bailey.

Date: February 24, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Hopkins County Attorney
4414.009